*INGREM & AL.* vs. *INGREM.*

East'n. District,
*Feb.* 1825,

APPEAL from the court of the third district.

INGREM
& AL.
*vs.*
INGREM.

PORTER, J. delivered the opinion of the court.

The petition states that Ann Stokes, and James Stokes, her husband, Arthur Ingrem, Cordner Ingrem, and John Ingrem, are heirs of Alexander Ingrem, late deceased; and that the three last mentioned, are represented in this suit by James Stokes, the husband of Anne.

Absolute heirs, of full age, may sue or be sued, in the parish or district court.

A purchaser who buys without the legal forms, cannot, when sued by the vendor, claim security against vendor's title.

That William Ingrem, the defendant, on the 13th day of November, 1821, made his certain note, or obligation, by which he promised to pay one William Nash, or order, the sum of $2,430; which note the said Nash has endorsed, and transferred to the petitioners. And that the said defendant, on the same day, made his other note for $108, payable to the petitioners, by reason of which he has become indebted to them in the sum of $2,538; which, though often requested, he has refused to pay. Judgment is prayed for this amount, with interest and costs, and such other relief is asked as the plaintiff may be entitled to.

The answer admits the execution of the notes, but avers,

East'n. District.
*Feb.* 1825.

INGREM
& AL.
*vs.*
INGREM.

1. That the respondent is one of the heirs of Alexander Ingrem, deceased, and is entitled to a credit of one-fifth of the amount of his estate.

2. That on the 1st. day of February, 1822, the defendant paid to Arthur & Cordner Ingrem, the sum of $400, and on the 5th June, 1823, to Cordner, another sum of $329, and that he also paid to the parish judge of Feliciana, the sum of $70.

3. That Cordner Ingrem has been constituted the agent of defendant, to collect monies for him; and that he the said Cordner has received a considerable sum, for which he must account, and credit on the note sued on.

4. That the sale of the slaves was illegal, being made without proper authority.

The court below decreed, that one of the plaintiffs, viz: Ann Stokes, recover of the defendant, the sum of $507 60 cents, and that the cause be continued as to the other plaintiffs.

The defendant's counsel moved to arrest the judgment. First, because the plaintiffs were joint heirs of Alexander Ingrem—that the money sought to be recovered is on a probate sale, and that there cannot be a judgment in favor of one heir, without a general liquidation of the estate.

Second. Because this action is in effect a suit of partition and liquidation of an estate among heirs, of which the court had not jurisdiction.

East'n. District
Feb. 1825.

INGREM
& AL.
vs.
INGREM.

The court overruled the motion, and the defendant appealed.

The appellant has relied in this court on the same points made by him in that below, in arrest of judgment; with the additional averment, that the defendant has not acquired a legal title to the property for which the notes sued on were given.

The first of these objections to be considered is, that to the jurisdiction; for if this, be found sustainable, it precludes the examination of any other. We are unable, however, to perceive any grounds on which it can rest. There is neither averment nor proof in the whole record, that the heirs are minors, or that this estate was administered by a curator or executor—or that the succession was accepted with the benefit of an inventory. Heirs who are of full age, and who receive an estate purely and simply, may sue and be sued, in any of our courts of ordinary jurisdiction, that have otherwise cognizance of the cause. Neither the provisions of the civil code in relation to the administering

INGREM
*vs.*
& AL.
INGREM.

of estates, nor the reasons on which these provisions were founded, have any application to them. The effect of an acceptance, pure and simple, is to make the heir, *without the authorization of justice,* seized of all the goods, rights and actions of the deceased, on the charge of paying the debts. He is not obliged to make an inventory. He becomes therefore owner of the property inherited, and responsible in his personal capacity, for all demands against the succession. *C. Code,* 162, 73 & 75.

The second is, that this is an action of partition and liquidation of an estate, and that there cannot be a judgment in favour of one heir, without a final settlement of it. If this be an action of partition, we see nothing which prevents us giving judgment as such, and decreeing to each heir his portion. There is no suggestion in the answer that there is any other property to partake, and all parties concerned are before the court. The decree of the court below seems to have made a just division, and we can discover no legal ground to set it aside. The defendant, by giving his negotiable note, furnished the plaintiffs, who are the endorsees, with the right to bring the suit in the form in which it was instituted. The equitable

East'n. District.
*Feb.* 1825.

INGREM
& AL.
*vs.*
INGREM.

defence let in, cannot extend the defendant's rights beyond the facts disclosed by the evidence.

The last objection is, that the defendant has not a good title to the property purchased, and that security should be given to warrant the right to it. This we think quite unnecessary in the present case. There is no title set up in a third party, and the judgment in this suit will amount to a complete confirmation of the sale, and preclude the possibility of the plaintiffs hereafter contesting it.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Preston* for the plaintiffs, *Watts* & *Lobdel* for the defendant.